UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH CHISLEY | CIVIL ACTION |
| VERSUS | NO. 10-154 |
| EDWARD A. DUFRESNE, JR. ET AL. | SECTION "I" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Joseph Chisley, is a prisoner currently incarcerated in the Allen Correctional Center in Kinder, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against various current and former judges of the Louisiana Fifth Circuit Court of Appeal. Plaintiff alleges that the post-conviction review procedure implemented by the court was unconstitutional, violating his right to due process and access to the courts. Record Doc. No. 1 (Complaint at ¶ IV).

Specifically, plaintiff's complaint states in pertinent part:

> The record reveals that Plaintiff has been convicted in the 24th Judicial District Court, in and for the Parish of Jefferson, Louisiana and on the 22nd day of April 2002 he was sentenced to the custody of the Secretary of the Louisiana Department of Corrections for a period of fifteen (15) years. This sentence was subsequently vacated and the trial Court re-sentenced Plaintiff as a second felony offender to twenty (20) years at hard labor without benefit of probation, parole, or suspension of sentence, with credit for time served."
> The record reveals further that Plaintiff's conviction and sentence have became (sic) final; and, on the 9th day of January 2007 he filed to the 24th Judicial District Court a Motion for Production of Documents, which was denied.

Aggrieved by the adverse ruling to his constitutionally protected right to a complete review {appellate and/or collaterally} and record Plaintiff filed to the Court of Appeal, Fifth Circuit an Application for Writ of Mandamus, and on the 12th day of March 2007 the Application was denied, in lieu of being considered by a three judge panel; to the contrary, Plaintiff's Writ Application was denied by the Central Staff Director Jerrold Peterson.

Plaintiff avers that the event {21 May 2007 suicide of Mr. Peterson} which exposed the illegal and unethical acts and conduct of Defendants apparently was not given wide publicity; if any at all, however, notice of the Defendants' illegal and unethical acts and conduct was first provide[d] to Plaintiff, via, {correspondence from a local attorney} in the latter part of June 2008; and as such, this Petition for Damages is timely and properly before this Honorable Court.

The record reveals that defendants, Kliebert; Gaudin; DuFresne; Wicker Gothard (sic); and Cannella; separately and in concert, came together for the sole purpose of defeating the due course of justice at the 8 February 1994 en banc meeting of the judges of the Louisiana Fifth Circuit Court of Appeal, wherein all presiding Judges decided that pro-se writ applications would be treated differently from writ applications filed by parties who were represented by counsel. The minutes from the February 8, 1994 en banc meeting state, in pertinent part: "Effective immediately, Judge Dufresne will handle all pro-se writ applications and will not be included in the handling of regular writ applications." Special or unusual writ applications will be presented to a regular panel.

Notwithstanding, Defendants Daley; Edwards; Chehardy; Mamanus (sic); Rothschild and Cuidry (sic) were not present at the 8 February 1994 en banc meeting they were thereafter made privy to the agenda; agreed with and continued the practice of the illegal and unethical acts and conduct decided at the 8 February 1994 en banc meeting; thus, making each and every one of them co-conspirators-principals thereto.

Plaintiff avers that under Louisiana law, the Appeal Courts are without judicial authority to adopt said process, which also denies Plaintiff of his guaranteed rights under the United States Constitution and the Constitution of the State of Louisiana.

The Defendants; separately and in concert, came together for the sole purpose of defeating the due course of justice; and in so doing, they violated LSA-R.S. 14:134, relative to '[M]alfeasance in Office' and the

> Defendants are in direct violation of Canons 1, 2 and 3, of the Code of Judicial Conduct . . . .
>
> Plaintiff avers further that each Defendant was acting under color of State law and their acts and conduct exceeded the scope of their duties protected by the provisions of the Thirteenth Amendment to the Constitution of the United States of America; and as such, each Defendant is liable for their own action.
>
> Plaintiff avers that Defendants knowingly and intentionally discarded the Constitutions of the United States of America and State of Louisiana, as well as Cannons (sic) 1, 2, and 3 of the Code of Judicial Conduct and the illegal and unethical acts and conduct of the Defendants are the direct and proximate cause for the deprivation of Plaintiff's constitutionally protected right to due process and further access to the Courts; and as such, Plaintiff is entitled to be monetarily redressed for the undue harm he has been subjected to.

Id.

In the relief portion of his complaint, Chisley requests that defendants be found "liable in an amount deemed just and equitable, along with punitive damages, together with legal interest from the date of judicial demand and for all costs of these proceedings." Id. ¶ V.

## ANALYSIS

I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80

3

(5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in

4

forma pauperis complaint which seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B)(iii).

In this case, plaintiff's Section 1983 complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because defendants are immune from suit on these grounds.

## II.     JUDICIAL IMMUNITY

Plaintiff's claims against various judges of the Louisiana Fifth Circuit Court of Appeal are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from

liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available to Chisley in this Section 1983 action against defendants. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

6

Furthermore, to whatever extent, if any, that Chisley seeks an order of this court directing the judges to take some action concerning plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court in which plaintiff's case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Chisley's claims against the judges concern actions that are exclusively within the scope of the judges' roles as judicial officers and therefore within their jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Chisley's suit against the judges. For these reasons, all of Chisley's claims against defendants must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(iii) because defendants are immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___11th___ day of February, 2010.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.